UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>　　　　　　　　　　Respondent. | Case No.: 3:20-cv-1378-JLS-AHG<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR REHEARING AND (2) CLARIFYING THIS COURT'S AUGUST 4, 2020 DISMISSAL ORDER**<br><br>(ECF Nos. 3, 5) |

　　　On July 17, 2020, Petitioner Darryl Dunsmore, a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis.  On August 4, 2020, this Court dismissed the Petition as successive pursuant to § 2244(b)(3)(A).  (ECF No. 3.)  In its dismissal Order, the Court noted that this was not the first Petition for a Writ of Habeas Corpus that Petitioner had submitted challenging his June 4, 2010 conviction in San Diego Superior Court Case No. SCS 215653.  (*Id.*)  Indeed, on May 17, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in Case No. 13-cv-1193-GPC-PCL, in which Petitioner also challenged his conviction in San Diego Superior Court Case No. SCS 215653.  On August 10, 2015, this Court denied the petition on the merits.  *See Dunsmore v. Beard*, Case No. 13-cv-1193-

GPC-PCL (S.D. Cal. Aug. 10, 2015), Order, ECF No. 115.  As such, this Court dismissed Petitioner's July 17, 2020 Petition as successive, without prejudice to refiling if and when Petitioner obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition.  (*See* ECF No. 3 at 2*,* citing 28 U.S.C. § 2244(b)(3)(A).)

## MOTION FOR REHEARING

On August 24, 2020, Petitioner filed a "Motion for Rehearing," ("Motion" or "Mot.") in which he contends the Court improperly dismissed his petition as successive.[1] (Mot., ECF No. 5.)  He argues that this Court erred in dismissing the Petition as successive because he was not challenging his 2010 conviction but rather his resentencing, which Petitioner states was ordered by the California Court of Appeal on October 8, 2019, in case number D074656.[2]  (*See id.* at 1.)

The Court construes Petitioner's Motion as one filed pursuant to Federal Rule of Civil Procedure 60(b), under which reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a

---

[1] On October 26, 2020, Petitioner filed a notice of appeal to the Ninth Circuit Court of Appeals.  (ECF No. 6.)  As a general rule, a district court is divested of jurisdiction once a notice of appeal has been filed. *See Pope v. Sav. Bank of Puget Sound*, 850 F.2d 1345, 1347 (9th Cir. 1988).  However, the Ninth Circuit has held that a district court may "clarify its original order pursuant to Rule 60(a) despite the notice of appeal." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 655 (9th Cir. 1991).

[2] The Court takes judicial notice of the California Court of Appeal's October 8, 2019 Opinion ordering the case be remanded to the trial court for resentencing.  *See People v. Dunsmore,* Case No. D074656, 2019 WL 4941363 (Cal. Ct. App. Oct. 8, 2019); Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (stating a federal court may take judicial notice of "documents on file in federal or state courts").

year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

On further review of the Petition, it appears that Petitioner is seeking to challenge two different state court orders related to his incarceration. The Court will discuss them separately.

## I.    Claims Related to San Diego Superior Court Case Number SCS 215653

On the first page of the Petition, Petitioner asserts that he is challenging his June 4, 2010 judgment of conviction in San Diego Superior Court Case No. "SCS 215653." (*See* "Pet.," ECF No. 1 at 1.) He states that he is "overdue for release." (*Id.* at 2.) In his first ground for relief, Petitioner contends that his sentence in SCS 215653 constitutes "cruel and unusual punishment." (*Id.* at 6.) Specifically, he alleges that on June 4, 2010, the state court "made a finding of fact that Petitioner's case was a serious crime." (*Id.* at 6.) Petitioner argues that "on 6/4/10, neither myself nor counsel were present, denying [Petitioner] his right to object and confrontation." (*Id.* at 7.) These claims all appear to relate to Petitioner's original 2010 judgment and conviction and, as such, they are successive. *See* 28 U.S.C. § 2244(b)(3)(A). As discussed in this Court's August 4, 2020 dismissal Order, to the extent Petitioner raises claims related to his 2010 conviction in SCS 215653, unless Petitioner can show that he has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the Petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). As such, to the extent the Petition raises claims seeking to challenge his 2010 conviction, Petitioner's Motion for Reconsideration is **DENIED**. *See* Fed. R. Civ. P. 60(b).

## II.   Claims Related to California Court of Appeal Case Number D0746546

In his Motion, Petitioner contends he is challenging his resentencing order, not his original 2010 conviction. (Mot. at 1.) In his original Petition, Petitioner does include a reference to an October 8, 2019 opinion of the California Court of Appeal in Case No. D074656 related to "sentencing" issues. (*See* Pet. at 2.) Petitioner contends that "in 2018 the remand order was finally heard yet the Superior Court refused those orders resulting in

a reversal . . . in Case D074656." (*Id.* at 7.) He argues that in California Court of Appeal case "D0746456 the court declared [Petitioner] was correct concerning sentencing errors raised in 20 plus habeas petitions." (*Id.*)

Petitioner contends his Petition is not successive because these claims relate to his resentencing. While it is not entirely clear from the face of the Petition, it appears Petitioner is now in custody at the San Diego County Jail awaiting that resentencing. (*See id.* at 1.) However, it is not clear that Petitioner has raised the claims related to his resentencing in state court, nor is it clear that Petitioner has yet been resentenced. As such, the state court proceedings related to Petitioner's resentencing appear to be ongoing.

Federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) ("[*Younger*] espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). These concerns are particularly important in the habeas context, where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). It appears all three of these criteria are satisfied here. At the time he filed the instant Petition, it appears Petitioner had not yet been resentenced. (*See* Pet. at 26, 33.) Thus, proceedings are ongoing in the state courts.[3] Further, there is no question that the state

---

[3] If Petitioner has indeed been resentenced, the Court notes that he must still exhaust state judicial remedies before bringing any claims related to the state court's decision in federal court pursuant to 28 U.S.C. § 2254. To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).

criminal proceedings and the recalculation of Petitioner's sentence involve important state interests, and that state proceedings afford him an opportunity to raise federal issues related to his resentencing. Therefore, to the extent Petition is seeking to raise claims related to his resentencing ordered in California Court of Appeal Case number D074656, this Court must abstain from interfering with ongoing state criminal proceedings. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action).

In his Motion, Petitioner references an order from the United States Court of Appeal for the Ninth Circuit which "declared" that a challenge to his resentencing order by the California Court of Appeal in Case number D0746456 would not be deemed successive.[4] As discussed above, to the extent Petitioner was attempting to raise claims related to Petitioner's ordered resentencing, his Motion for Reconsideration is **GRANTED** in part. Fed. R. Civ. P. 60(b)(1). Those claims, however, remain **DISMISSED** because the Court must abstain from addressing them because state court proceedings are ongoing.[5] *See Younger*, 401 U.S. at 45–46.

---

[4] The Court notes that it appears Petitioner filed an application for authorization to file a second or successive habeas corpus petition with the United States Court of Appeals for the Ninth Circuit. The Court takes judicial notice of the order filed in the case. *See* Fed. R. Evid. 201(b)(2); *Harris*, 682 F.3d at 1131–32; *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases . . . ."). On July 27, 2020, the Ninth Circuit issued an Order in which the panel noted that some of the claims alleged in the application appeared to relate to Petitioner's resentencing following an October 8, 2019 remand from the California Court of Appeal. *See* Order, *Dunsmore v. Eldridge*, Case No. 20-71281, at 1 (9th Cir. July 27, 2020). The Ninth Circuit panel noted that, while claims related to Petitioner's resentencing may not be successive, it was unclear whether Petitioner had yet been resentenced. *See id.* The Ninth Circuit stated, "We decline to transfer the application to the district court because it is unclear whether the state trial court has entered new judgment." *Id.* at 1–2. The panel further stated that "if the applicant seeks to challenge the new judgment, he must file a § 2254 petition which complies with the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254." *Id.* at 2 (citations omitted).

[5] If Petitioner has indeed been resentenced, the Court notes that he must still exhaust state judicial remedies before bringing any claims related to the state court's decision in federal court pursuant to 28 U.S.C. § 2254. To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).

## CONCLUSION

Based on the forgoing, Petitioner's motion for reconsideration is **GRANTED IN PART** and **DENIED IN PART**. The Court therefore **CLARIFIES** its order August 4, 2020 dismissal Order accordingly. *See Morris*, 942 F.2d at 655 (holding a district court may clarify its original order pursuant to Rule 60(a) despite a notice of appeal). As for the claims in the Petition that appear to relate to Petitioner's 2010 trial proceedings and conviction, the Court **DENIES** the Motion because those claims are barred as successive. To the extent Petitioner sought to raise claims related to pending resentencing, the Court **GRANTS** Petitioner's Motion to the extent those claims were deemed successive. These claims, however, are **DISMISSED** because the Court must abstain from interfering with this Petitioner's ongoing resentencing.[6] The case therefore remains **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: November 5, 2020

Hon. Janis L. Sammartino
United States District Judge

---

[6] The Court notes that among the numerous petitions for writ of habeas corpus filed in this Court by Petitioner, on November 2, 2020, the Court dismissed another habeas petition filed by Petitioner pursuant to 28 U.S.C.§ 2254 in Civil Case No. 20-cv-1518-BAS-KSC. As here, the Court in that case found Petitioner had raised claims related to his 2010 conviction and claims related to his 2019 order remanding his case for resentencing. The Court in that case likewise concluded that to the extent the Petition contained claims related to Petitioner's original 2010 conviction, it must be dismissed as successive and to the extent Petitioner also raised claims related to his ongoing resentencing proceedings, they were dismissed under the *Younger*'s abstention doctrine. *See Dunsmore v. Eldridge*, 20-cv-1518-BAS-KSC (S.D. Cal. Nov. 1, 2020) Order, ECF No. 4.