# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>       Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>       Respondent. | Case No.: 3:20-cv-1378-JLS-AHG<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On July 17, 2020, Petitioner Darryl Dunsmore, a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On August 4, 2020, this Court dismissed the Petition as successive, pursuant to § 2244(b)(3)(A). (ECF No. 3.) In its dismissal Order, the Court noted that this was not the first Petition for a Writ of Habeas Corpus Petitioner had submitted challenging his June 4, 2010 conviction in San Diego Superior Court Case No. SCS 215653. (*Id.*) Indeed, on May 17, 2013, Petitioner filed a Petition for Writ of Habeas Corpus in Case No. 13-cv-1193-GPC-PCL, in which Petitioner also challenged his conviction Case No. SCS 215653. On August 10, 2015, this Court denied that petition on the merits. *See* Order filed Aug. 10, 2015 in Case No. 13-cv-1193-GPC-PCL (ECF No. 115). As such, this Court dismissed Petitioner's July 17, 2020 Petition as successive, without prejudice to refiling if and when Petition obtained an Order

from the appropriate court of appeals authorizing the district court to consider a successive petition.  (*See* ECF No. 3 at 2, citing 28 U.S.C. § 2244(b)(3)(A).)

On August 24, 2020, Petitioner filed a "Motion for Rehearing," in which he argued the Court improperly dismissed his petition as successive.  (ECF No. 5.)  On November 2, 2020, the Court granted in part and denied in part the motion for reconsideration and clarified its dismissal order.  (ECF No. 10 at 6 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 655 (9th Cir. 1991) (holding a district court may clarify its original order pursuant to Rule 60(a) despite a notice of appeal)).)  Upon reconsideration, the Court found that, while not entirely clear, the claims raised in the Petition appeared to be related to two separate state court judgments: (1) Petitioner's 2010 trial and conviction in Case No. SCS 215653 and (2) a 2018 order from the California Court of Appeal in Case No. D074656 remanding a portion of his case for resentencing.  The Court concluded that, as for the claims in the Petition that appeared to relate to Petitioner's 2010 trial proceedings and original conviction in Case No. SCS 215653, those claims were barred as successive.  (*Id.* at 2–3 (citing 28 U.S.C. § 2244(b)(3)(A)).)  To the extent Petitioner sought to raise claims related to pending his resentencing, the Order clarified that those claims were dismissed because Petitioner had not yet been resentenced and as such, the Court must abstain from interfering in the ongoing proceedings in state court.[1]  (*Id.* at 4–6 (citing *Younger v. Harris*, 401 U.S. 37, 45–46 (1971)).)  The case therefore remained dismissed without prejudice.  (*See id.* at 6.)

On November 18, 2020, Petitioner filed a notice of appeal and on December 3, 2020, the Ninth Circuit Court of Appeals remanded the case to this Court for the limited purpose

---

[1] As noted in this Court previous Orders, among the numerous petitions for writ of habeas corpus filed in this Court by Petitioner, on November 2, 2020, the Court dismissed another habeas petition, filed by Petitioner pursuant to 28 U.S.C.§ 2254 in Civil Case No. 20-cv-1518-BAS-KSC. The Court in that case likewise concluded that to the extent the Petition contained claims related to Petitioner's original 2010 conviction it must be dismissed as successive and to the extent Petitioner also raised claims related to his ongoing resentencing proceedings, they were dismissed under the *Younger*'s abstention doctrine. *See Dunsmore v. Eldridge*, 20-cv-1518-BAS-KSC (S.D. Cal. Nov. 1, 2020) Order, ECF No. 4.

of determining whether a certificate of appeal should issue. (ECF No. 13.) Under 28 U.S.C. § 2253, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above and in this Court's November 5, 2020 Clarification Order, Petitioner's claims related to his 2010 trial are barred as successive. Furthermore, Petitioner's claims stemming from the pending resentencing proceedings are barred under the *Younger* abstention doctrine because state court proceedings are ongoing. None of the *Younger* exceptions apply here for the reasons discussed in this Court's November 5, 2020 Clarification Order. (*See* ECF No. 10 at 5.) The Court finds Petitioner cannot demonstrate that reasonable jurists would find this Court's dismissal petition debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, the certificate of appealability is **DENIED**.

Dated: December 11, 2020

Hon. Janis L. Sammartino
United States District Judge